IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

CURTIS JAMES ALLEN

CRIMINAL ACTION NO. 03-0097-CG

CIVIL ACTION NO. 06-0085-CG

ORDER

Defendant Allen has filed a Motion to Vacate, Set Aside or Correct Sentence (Doc. 30)[1]
pursuant to 28 U.S.C. §2255, raising two grounds: (1) that the court erred in finding two prior
convictions considered by the court constituted 'crimes of violence' so as to justify imposition of
an increased sentence under the Armed Career Criminal Act ("ACCA"); and (2) that his attorney
was ineffective for failing to raise this issue at sentencing and on appeal.  The government has filed
a Brief (Doc. 38) in opposition to defendant's motion.  For the reasons stated below, defendant's
Motion is **DENIED**.

Procedural History

Defendant was indicted in this district on one count of possession of a firearm by a convicted
felon in violation of 18 U.S.C. §922(g)(1).  Defendant entered a blind plea of guilty and was
sentenced to 180 months imprisonment, five years supervised release, and a $100.00 special
assessment.

In written objections filed prior to sentencing (Doc. 15), and in argument at the sentencing
hearing, defendant's counsel objected to the determination in the Presentence Investigation Report
that two of the four prior convictions cited were crimes of violence and argued that they did not

---

[1] For simplicity, the court will refer to the criminal case file in identifying documents,
and will refer to Mr. Allen as defendant.

qualify as predicate offenses under the ACCA.  Defendant acknowledged that two prior drug

offenses satisfied the requirements of the ACCA, but challenged such a finding concerning two

convictions under Florida law, one of which was for aggravated assault with a deadly weapon and

the other was for battery of a law enforcement officer, asserting that such offenses were not crimes

of violence.  The court held that all four prior convictions were predicate offenses under the ACCA

and imposed the minimum prison term available in light of such a ruling: fifteen years

imprisonment.         Defendant filed a direct appeal, raising a single issue: whether 18 U.S.C.

§922(g)(1) was constitutional under the Commerce Clause of the United States Constitution.  On

October 20, 2004, the Eleventh Circuit affirmed the defendant's conviction.  Defendant filed a

petition for writ of certiorari to the Supreme Court, which was denied on February 28, 2005.  The

instant Motion pursuant to §2255 was timely filed on February 13, 2006.

## Legal Standard

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal."

U.S. v. Frady, 456 U.S. 152, 165 (1982).  A defendant who has waived or exhausted his right to

appeal is presumed to stand "fairly and finally convicted."  Id. at 164.  Unless a claim alleges a lack

of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited.

Addonizio v. U.S., 442 U.S. 178, 185 (1979).  Consequently, "[i]f issues are raised and considered

on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral

attack. ... A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings.

The appellate process does not permit reruns."  Moore v. U.S., 598 F.2d 439, 441 (5th Cir. 1979).

In general, claims not raised on direct appeal may not be considered on collateral attack.  A

petitioner can, however, overcome his procedural default of claims not raised on direct appeal.  The

burden a petitioner must meet differs, depending upon the type of claim he raises.   First, "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."  Burke v. U.S., 152 F.3d 1329, 1331 (11th Cir. 1998) (citations and internal quotations omitted).  A petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent.  Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors."  Cross v. U.S., 893 F.2d 1287, 1289 (11th Cir. 1990); see also Lynn v. U.S., 365 F.3d 1225, 1234 (11th Cir. 2004).

One way a petitioner may overcome a procedural default is by demonstrating that the default was due to constitutionally ineffective performance by counsel.  Cross, 893 F.2d at 1290.  To establish ineffective assistance of counsel, a petitioner "must show that his attorney's performance was deficient and that the deficiency was prejudicial."  Id.  However, "[c]onclusory allegations of ineffective assistance are insufficient" Wilson v. U.S., 962 F.2d 996, 998 (11th Cir. 1992) (quoting U.S. v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991)).  Furthermore, "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance." Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994).

> Murray [v. Carrier, 477 U.S. 478, 488 (1986)] teaches that a prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that "some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule," or that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel.  Id. at 488, 106 S.Ct. at 2645.  Choosing the second option, [defendant] brought an independent Sixth Amendment claim of ineffective assistance of counsel.  Because [defendant] did not pursue the first option by showing some external cause for his procedural default, the district court should have denied the first [court error] claim and focused its attention solely on the second [Sixth Amendment] claim.

Reece v. U.S., 119 F.3d 1462, 1465 (11th Cir. 1997).

An attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

> When reviewing whether an attorney is ineffective, courts should always presume strongly that counsel's performance was reasonable and adequate. ... Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioners' to bear, is and is supposed to be a heavy one. And, we are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial ... worked adequately. Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994) (internal quotations and citations omitted).

## Analysis

### Cognizability of Claims

The government's first argument is that plaintiff's claim of error by the court is not of constitutional dimension and is thus not cognizable on collateral review in the absence of a complete miscarriage of justice. In Davis v. U. S., 417 U.S. 333 (1974), the Supreme Court rejected a too-narrow application of §2255 which would have limited its reach to constitutional claims.

> No microscopic reading of § 2255 can escape either the clear and simple language of § 2254 authorizing habeas corpus relief 'on the ground that (the prisoner) is in custody in violation of the . . . laws . . . of the United States' or the unambiguous legislative history showing that § 2255 was intended to mirror § 2254 in operative effect. Thus, we cannot agree that the third paragraph of § 2255 was in any fashion designed to mark a retreat from the clear statement that § 2255 encompasses a prisoner's claim of 'the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States.' Accordingly, we conclude that the text of the statute cannot sustain the Government's position that only claims 'of constitutional dimension' are cognizable under § 2255.

Davis, 417 U.S. at 344-45. The Court went on to clarify that it was not holding all claims to be

cognizable on collateral attack.

> This is not to say, however, that every asserted error of law can be raised on a § 2255 motion. In Hill v. United States, 368 U.S. 424, 429 (1962), for example, we held that that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements" of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error. We suggested that the appropriate inquiry was whether the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '(i)t . . . present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' Id., at 428, 82 S.Ct., at 471 (internal quotation marks omitted). The Court did not suggest that any line could be drawn on the basis of whether the claim had its source in the Constitution or in the 'laws of the United States.'

Id. at 346.

Defendant argues that his prison sentence was improperly increased by at least five extra years through erroneous application of the ACCA.[2] Even if his theories are more readily considered statutory than constitutional, an allegation of such a significant injury makes it reasonable to consider the claim as addressing a fundamental defect in the sentencing procedure which, defendant argues,  inherently resulted in a complete miscarriage of justice–application of the ACCA to one who was not properly considered to be an armed career criminal.

Decisions holding claims to be noncognizable under §2255 are few.  See id. (citing Hill); Lynn v. U.S., 365 F.3d 1225, 1233 and n.15 (11th Cir. 2004)(collecting cases).  "In many cases in the past, this Court has opted to address the issues of procedural default, cause, and prejudice, as the district court did here, without expressly addressing the threshold inquiry of whether the claimed

---

[2] The statutory maximum possible sentence under §922(g)(1) is ten (10) years; under the ACCA provision at issue, the minimum sentence is fifteen (15) years.  The five year difference ignores the fact that defendant's sentencing range under the U.S. Sentencing Guidelines–and the likely sentence defendant could have expected absent application of the ACCA–was less than the statutory maximum.

error is even cognizable in a § 2255 proceeding." Lynn, at 1233.  The court declines to hold the

instant claim, as a matter of law, to be outside the scope of protection under §2255.

Procedural Default

For a defendant being sentenced on a charge under 18 U.S.C. §922 (g) to be subject to the

heightened sentencing range of the ACCA, he need only have been convicted previously of three

predicate offenses as specified under the Act.  Defendant acknowledges that two of his prior

convictions, two drug offenses described in paragraph 41 of the Presentence Investigation Report,

satisfied the requirements of the ACCA.  The court found that both of the other prior convictions

were properly considered to be predicate offenses.  The court found four predicate offenses; thus,

defendant's sentence can not be successfully challenged on the basis of only one of the two prior

convictions at issue.

It is uncontested that defendant's claim of court error–as opposed to his ineffective assistance

of counsel claim[3]–was available and could have been presented on appeal, but was not.  To proceed

with his claim on collateral attack, defendant must demonstrate cause, yet defendant offers no

explanation for the failure though he does claim separately that his attorney was ineffective for

failing to raise the issue on appeal.  Under Reece v. U.S., supra, the court "should have denied the

first [court error] claim and focused its attention solely on the second [Sixth Amendment] claim."

Id. at 1465.  Even if the court were to consider the separate ineffective assistance claim as an

argument against application of procedural bar, that argument would nonetheless fail.

---

[3] Ineffective assistance of counsel claims are generally not cognizable on direct appeal
and are properly raised by a §2255 motion.  See Massaro v. U.S., 538 U.S. 500, 503 (2003).

Ineffective Assistance of Counsel

Defendant claims that his attorney rendered ineffective assistance at sentencing and on appeal because she failed to raise and argue that two of his prior criminal convictions should not have been considered by the court to be "crimes of violence" so as to subject him to the heightened minimum sentence for armed career criminals.  As noted above, defendant's counsel raised and argued the issue in writing to the court prior to sentencing and argued the matter extensively[4] at sentencing until the court ruled on the matter.  Accordingly, the court finds that defendant's claims of ineffective assistance of counsel is without merit as to the performance of counsel at sentencing.  However, defendant's counsel did not raise the issue on direct appeal.

Title 18, section 924(e)(2)(B), United Stated Code, defines "crime of violence" as a "crime punishable by imprisonment for a term exceeding one year ... that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; ... ."  The Supreme Court, in Taylor v. U.S., 495 U.S. 575 (1990), considered a challenge to use of a prior burglary conviction under the §924(e)(2)(B)(ii). The court held that subordinate courts addressing predicate acts under the ACCA were not allowed to consider the specific acts of the defendant but rather were to take a more "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Id. at 600.  The Court recognized that a lower court might be permitted "to go beyond the mere fact of conviction in a narrow range of cases where a jury was

---

[4] The first fourteen pages of the nineteen-page transcript of the sentencing hearing (Doc. 25) involve the argument over these two prior convictions.

actually required to find all the elements" of the generic criminal offense identified in the statute.

Id. at 602.[5]   This formal categorical approach applies with equal force to the general definition of

"crime of violence" provided in subparagraph 924(e)(2)(B)(i).

Defendant acknowledged that two drug convictions could be deemed predicate acts under

the ACCA, but challenged two other convictions being considered crimes of violence.  Only three

predicate acts are required for application of the fifteen year mandatory minimum sentence under

the Act; the court found all four convictions identified in the presentence investigation report were

properly considered to be predicate acts.  As defendant's counsel stated at sentencing, "if the Court

holds that [the aggravated assault count] is in fact an ACCA qualifier, there is no reason to reach the

battery on the law enforcement officer count, because then we would have three."[6]  (Doc. 25 at 2-3)

At the sentencing hearing, defendant's counsel argued that, under the limited exception

identified in Taylor to the formal categorical approach, the court had authority to look into the facts

underlying defendant's conviction for aggravated assault with a deadly weapon because of alleged

ambiguities in court records.  Specifically, defendant's counsel argued that reference to the charge

under the "court phase" heading on the case action summary–which listed the crime as aggravated

assault, without intent and without a firearm[7]–was different from the listing in the judgment and thus

_____

[5] The Court gave the example of a state burglary statute which allowed conviction for breaking into a building or a vehicle, and stated that the court could consider the indictment or information and the jury instructions to determine whether the defendant had been charged with breaking into a building and that the jury had necessarily found entry of a building in order to convict the defendant.   Id. at 602.

[6] Counsel also stated that the conviction for battery on a police officer presented the stronger argument, and thus chose to begin with the aggravated assault conviction.

[7] Nonetheless, this document identified the aggravated assault statute, Fla.Stat. §784.021(a1) which concerns aggravated assault with a deadly weapon, and identifies the crime at issue as a third degree felony–in all particulars similar to the entries which correctly identified

created an ambiguity.  The court rejected this argument, holding that "the judgment and sentence clearly show that the conviction was for aggravated assault with a deadly weapon and that there is no need to go behind that ... ."  (Sentencing transcript, Doc. 25 at 11)

Defendant's counsel also argued that the Florida assault statute does not require a battery–a "touching"–but merely a threat.  The ACCA definition of a crime of violence includes "the use, attempted use **or threatened use of force**."[8]  18 U.S.C. §924(e)(2)(B)(i)(Emphasis added)  On its face, defendant's conviction for aggravated assault with a deadly weapon necessarily satisfies the requirements of the ACCA.

In the instant motion, defendant offers little authority or argument in support of the merits of his claim that the two felony convictions for aggravated assault and for battery on a police officer were not "crimes of violence" or that the court should have looked beyond the fact and nature of his convictions.  He appears to rely on the arguments previously made by his "ineffective" attorney. Defendant hints that he might not have had a firearm during that offense, but does not offer any evidence to that effect.[9]  At the sentencing hearing, counsel stated that the facts in the police report

---

the crime.    According to §784.021(1), Fla.Stat. (1975),
> (1) An "aggravated assault" is an assault:
>   (a) With a deadly weapon without intent to kill; or
>   (b) With an intent to commit a felony.
It is clear from the record that defendant was charged and plead guilty under the definition found in subsection (1)(a) which necessarily involves a finding that he had a weapon.

[8] At sentencing, defendant's counsel unsuccessfully argued that the actual facts underlying the conviction for battery on a police officer constituted merely a simple battery, a misdemeanor, made into a felony only because of the identity of the victim.  Defendant does not raise that issue in his habeas petition.  Regardless, under the formal categorical approach of Taylor v. U.S., the fact that the conviction was for a crime punishable by more than a year in prison is sufficient, without more, to satisfy that requirement of the statute.

[9] In one sentence in his habeas petition, while describing the charge and his plea, defendant states that "[n]o firearm or other dangerous weapon was involved in the offense."

demonstrated only verbal threats by defendant, and that "unless Mr. Allen was armed, no assault took place."[10]  (Doc. 25 at 3)  Regardless, defendant may not challenge the sufficiency of the evidence to support his state court conviction in this action.  See Daniels v. U.S., 532 U.S. 374 (2001)(federal habeas petitioner challenging sentence enhancement under ACCA can not attack constitutionality of predicate offenses); U.S. v. Farris, 77 F.3d 391 (11th Cir.), cert. denied, 519 U.S. 896 (1996) (defendants being sentenced in federal proceeding may not collaterally challenge state convictions used to enhance sentence under ACCA except for denial of right to counsel)..

Defendant's counsel, however, made no mention of the issue in the direct appeal of defendant's sentence, choosing instead to focus the appellant's brief on the challenge to the constitutionality of the exercise of commerce clause power.  Such winnowing of claims for presentation on appeal is reasonable and proper.  See Johnson v. Alabama, 256 F.3d 1156, 1188 (11th Cir. 2001).  Objectively, it appears clear that reasonably effective counsel could have reached the same conclusion.  Counsel's understanding of the weakness of her argument–at least with regard to the aggravated assault conviction–is well-established.  (See transcript, Doc. 25 at 2-3)  The trial court shared that understanding.  Defendant has offered no reason in the instant motion why the Court of Appeals would have overturned that determination on direct appeal of the sentence.

(Doc. 30 at 8.)

    [10]  Additionally, defendant avoids asserting that he was not convicted of having a weapon, but merely questions whether, if all of the relevant state court documents were obtained and reviewed, the facts established would have supported a conviction for aggravated assault. Id.  Counsel acknowledged, however, that two of the three witnesses contacted by his investigator stated that defendant had a weapon. (See Doc. 15)  This challenge appears less a constitutional challenge than a state-law challenge which was not raised in direct appeal or by motion for post-conviction relief.  In this federal habeas proceeding, the fact of the conviction is sufficient, and is all that the court can properly consider.  Taylor, supra.

Defendant thus has failed to establish either that counsel's performance fell below the minimum level of competence guaranteed by the Sixth Amendment or that counsel's failure to raise the issue on appeal prejudiced defendant in any way.  He has failed to demonstrate that such inspection is warranted under Taylor v. U.S., or even that the requested action would have changed the outcome. The court need not repeat this analysis for defendant's prior conviction of battery on a police officer. Defendant's claim of ineffective assistance of counsel is without merit and is **DENIED**.

### Conclusion

For the reasons set forth, it is hereby **ORDERED** that defendant's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

**DONE** and **ORDERED** this the 25th day of March, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE