```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

```
CURTIS JAMES ALLEN,                  :

     Petitioner,                     :
                                         CIVIL ACTION 12-0008-CG-M
v.                                   :
                                         CRIMINAL ACTION 03-00097-CG-M
UNITED STATES OF AMERICA,            :

     Respondent.                     :
```

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 41) and Respondent's Motion to Dismiss (Doc. 43). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 43) be granted and that Petitioner's Motion to Vacate (Doc. 41) be dismissed. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Court records demonstrate that, on February 13, 2006, Petitioner filed his first Petition to Alter, Amend or Vacate the Sentence (Doc. 30). That Petition was denied by United States District Judge Granade on March 26, 2009 (Doc. 40).

On January 3, 2012, Allen filed this petition (Doc. 41). On February 16, 2012, the Government filed a Motion to Dismiss, arguing that the current action is not properly before the Court (Doc. 43).

The Court notes that "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The Petitioner must seek and obtain this certification "[b]*efore* a second or successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." *Lazo v. United States*, 314 F.3d 571, 574 (11th Cir. 2002), *vacated on other grounds sub nom. Gonzalez v. Secretary*, 326 F.3d 1175 (11th Cir. 2003), *superseding opinion*, 366 F.3d 1253 (11th Cir. 2004) (*en banc*); *accord* Section 2255 Rule 4(b) (when the motion on its face reflects "that the moving party is not entitled to relief, the

judge must dismiss the motion").

Petitioner has replied that this action should not be dismissed because it does not run afoul of the one year limitations period of the Anti-Terrorism and Effective Death Penalty Act of 1996 (*AEDPA*) (Doc. 48).  Allen had previously asserted that this action was based on a new constitutional rule of law fashioned by the United States Supreme Court since he filed his first Motion to Vacate (Doc. 46).

The Court finds that the AEDPA argument is irrelevant to the requirement that he receive permission from the Eleventh Circuit Court of Appeals before filing this action here under 28 U.S.C. § 2244(b)(3)(A).  As for Petitioner's argument that the law has changed and that he should be allowed to seek redress under § 2255, he must still seek the Eleventh Circuit Court's permission before filing this action.  As such, this Court finds that Allen has not obtained the required leave to file this successive petition and, therefore, this Court is required to dismiss it.

Accordingly, it is recommended that Respondent's Motion to Dismiss (Doc. 43) be granted and that Petitioner's Motion to Vacate be dismissed (Doc. 41).  It is further recommended that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Curtis James Allen.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Allen has not sought permission before the Eleventh Circuit Court of Appeals as he is required to do before filing a successive petition, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Allen should be allowed to proceed further.

*Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be denied. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing

     a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.**<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 6th day of April, 2012.

                                 <u>s/BERT W. MILLING, JR.</u>
                                 UNITED STATES MAGISTRATE JUDGE